(December 31, 1901.)

## IDAHO INDEPENDENT TELEPHONE COMPANY v. OREGON SHORT LINE RAILROAD COMPANY.

### [67 Pac. 318.]

MANDAMUS.—Not the proper remedy when it appears that the purpose is to acquire a right to occupy or use the property of another.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Hawley & Puckett and Neal & Davidson, for Appellant.

Is *mandamus* a proper remedy?   (Idaho Rev. Stats., sec. 4976 et seq.; *Commercial Union Tel. Co. v. New Eng. Tel. etc. Co.,* 61 Vt. 241, 15 Am. St. Rep. 893, 17 Atl. 1071, 5 L. R. A. 162; *Central Union Tel. Co. v. State,* 118 Ind. 194, 10 Am. St. Rep. 114, 19 N. E. 611; *State ex rel. Webster v. Nebraska*

*Tel. Co.,* 17 Neb. 126, 52 Am. Rep. 404, 22 N. W. 237; Cooley's Constitutional Limitations, 532; *Olmstead v. Morris Aqueduct,* 47 N. J. L. 311; *Dayton Gold Min. Co. v. Seawell,* 11 Nev. 394; *Talbot v. Hudson,* 16 Gray (Mass.), 417; *Cottrill v. Myrick,* 12 Me. 222; *Hazen v. Essex County,* 12 Cush. (Mass.) 475.) Telephone companies are common carriers. (*Budd v. New York,* 143 U. S. 517, 12 Sup. Ct. Rep. 468; *D. & A. Tel. etc. Co. v. State of Delaware,* 50 Fed. 677.) The contract of the railway company with the Bell Telephone Company, if one there is, and it may be assumed that there is, will cut no figure, no matter what its terms, as no exclusive privileges can be given by reason of a contract. (*State v. Bell Tel. Co.,* 22 Alb. L. J. 363; *C. & P. Tel. Co. v. Baltimore etc. Tel. Co.,* 66 Md. 399, 59 Am. Rep. 167, 7 Atl. 809; *Missouri v. Bell Tel. Co.,* 23 Fed. 539; *State v. Nebraska Tel. Co.,* 17 Neb. 126, 22 N. W. 237.)

P. L. Williams, F. S. Dietrich and Wyman & Wyman, for Respondents.

Article 11, sections 5 and 6 of the constitution purport to fully cover the subject under discussion. We have here no declaration that telephone companies are common carriers. Provision is made for the connection of one railroad with another; but not of a telephone line with a railroad. As in case connection is made between railroads as therein provided for, there must be "due compensation"; here none is offered. (See, also, Rev. Stats., sec. 2666, subd. 6, to same effect.) The constitution has, by its silence, negatived the idea of connection between a railroad and a telephone line; but it has expressly provided for the connection of telephone lines. (Const., art. 11, sec. 13.) The complaint shows no discrimination against plaintiff in any matter pertaining to defendant's duties as a common carrier. The defendant has violated no duty which, as a common carrier, it owes to the public. That to grant plaintiff's prayer would be to take private property for a public use without "just compensation" and without "due process of law."

STOCKSLAGER, J.—"H. W. Clement, being first duly sworn, deposes and says: 1. That he is the secretary of the

Idaho Independent Telephone Company, Limited, a corporation; makes this affidavit as such secretary, and in behalf of and for the use and benefit of said corporation, and at the request and under the order and direction of the board of directors thereof.   2. That the Idaho Independent Telephone Company, Limited, is a corporation organized and existing under and by virtue of the laws of the state of Idaho, with its principal place of business at Boise City, in Ada county, in said state.   3. That the Oregon Short Line Railroad Company is a corporation organized and existing under and by virtue of the laws of the state of Utah, and owns and operates a railroad running through the state of Idaho, and a branch line thereof running from Nampa, in Canyon county, Idaho, and extending to and ending in Boise City, Ada county, in said state; that said Oregon Short Line Railroad Company has two depot buildings in said Boise City for the accommodation and shelter of passengers, and the receipt and transfer of freight, one of which is used as a passenger depot, and the other as a freight depot; that said railroad company is a common carrier of passengers and freights, and its railroad lines heretofore mentioned and said depot buildings are used in connection with its said business as such common carrier, and that its said railways were constructed for public uses, and the entire public for whose use and benefit it was authorized is entitled to an equal and impartial participation in the use of its facilities; that as a part of its business as such common carrier, and as part of its duty toward the public in connection with its said business, it becomes and is necessary for the accommodation of the public that facilities be provided for furnishing the public information as to the arrival and departure of its trains, the arrival of or shipment of freight, the cost of transportation of freight and amount of fare for passengers, and other and similar matters affecting its business relations with the public.   4. That the Idaho Independent Telephone Company, Limited, was duly organized under the laws of the state of Idaho in the month of September, 1899, for the purpose of constructing, equipping, operating, maintaining and owning a general telephone system, including exchanges and toll lines, in the state of Idaho; that

since its organization said corporation has constructed, equipped, operated, and maintained a general telephone system in Boise City and vicinity, and that its said system is in general and common use in said Boise City and by the residents of said place, and that on the thirtieth day of March, 1901, there were, and since have been, over four hundred subscribers to said telephone system in said Boise City; and that its said business is a business of a public character and nature, and is a public use.   5. That the Rocky Mountain Bell Telephone Company is a corporation doing business of a public character and nature, amongst other places, in said Boise City, state of Idaho, by operating and maintaining a general telephone system therein and thereat; being engaged in and carrying on the same character of business as does the said Idaho Independent Telephone Company, Limited, and being a business rival and competitor of said last-named corporation in said business so carried on and at said Boise City, Idaho.   6. That for the accommodation of the public residing in said Boise City and vicinity, and in order that information may be obtained by that portion of the public residing in said Boise City and vicinity in regard to the arrival and departure of trains, and other matters affecting the business relations of said Oregon Short Line Railroad Company with the public, it is necessary that telephones connected with and a part of the general telephone system of both said Idaho Independent Telephone Company, Limited, and said Rocky Mountain Bell Telephone Company, be placed in said depots of said Oregon Short Line Railroad Company at said Boise City, Idaho; that, after a telephone has been once placed in said depot, no more or greater care or burden is or would be placed or imposed on said railroad company, or its servants and employees, in answering inquiries or questions asked through said telephone, than would be imposed by answering said questions if personally asked, and would not impose upon said railroad company any duty or responsibility not owed by the said company to the public by reason of its business, provided that such telephone was placed and maintained without charge or cost to said railroad company.   7. That for more than two years last past, to wit, since July, 1897, the said

Rocky Mountain Bell Telephone Company has maintained in said depot of said Oregon Short Line Railroad Company at said Boise City, Idaho, two telephones connected with and a part of its general telephone system in said Boise City and vicinity, with the consent and by the license and permission of said railroad company—one of said telephones being in the said depot used as a freight depot, and the other in that used as a passenger depot; that said Rocky Mountain Bell Telephone Company did not, and does not, pay the defendant herein any consideration whatever for the privilege of placing and maintaining its telephones in said railroad depots, but, upon the other hand, the defendant pays, and ever since said telephones have been placed in said depots the defendant has paid, said Rocky Mountain Bell Telephone Company at the rate of three dollars per month for the use of said telephones. 8. That in the month of August, 1900, with the consent and by the permission of said Oregon Short Line Railroad Company, the Idaho Independent Telephone Company, Limited, placed in the said depot of said Oregon Short Line Raiload Company, in Boise City, Idaho, three telephones—two in the said depot used for passenger purposes, and one in that used for freight purposes—and connected and maintained and used the same free of cost or charge to said railroad company, connected with and as a part of its said general telephone system in said Boise City and vicinity; that in the month of October, 1900, the said Oregon Short Line Railroad Company, being induced thereto by said Rocky Mountain Bell Telephone Company, compelled said Idaho Independent Telephone Company, Limited, to remove all and every of said telephones from said depot, and refused, and since then have continuously refused, to allow said Idaho Independent Telephone Company, Limited, to place or maintain a telephone in said depots, or either of them. 9. That at various times since said month of October, 1900, the said Idaho Independent Telephone Company, Limited, has requested permission from the said Oregon Short Line Railroad Company to place and maintain telephones in said depot free of cost or charge to said railroad company, but so to do the said railroad company has at each of said times

refused. That on the thirtieth day of March, 1901, the said telephone company, in writing, directed to and served upon the said railroad company a request and demand for the privilege of placing in the said depot a telephone to be used as a part of its system in said Boise City, and maintain the same free of charge or expense to said railroad company, which said request and demand is in words and figures following, to wit: "'To the Oregon Short Line Railroad Company, and C. E. Chrisman, the Agent Thereof at Boise, Idaho:

"'The Idaho Independent Telephone Company, Limited, hereby requests and demands of you the privilege of placing in the depot of the Oregon Short Line Railroad Company at Boise, Idaho, in such convenient place therein as may be selected by you, a telephone, which will be maintained by said Idaho Independent Telephone Company, Limited, as part of its telephone system in Boise City and vicinity, without cost or charge to you, either for placing or maintaining the same. The Idaho Independent Telephone Company, Limited, is a corporation organized under and by virtue of the laws of the state of Idaho, and engaged in business at Boise, Idaho, and other places contiguous thereto, in carrying on a general telephone business, with headquarters at said Boise City. There are over four hundred subscribers to the telephone system of applicant, and the same is generally used by that portion of the public residing in said Boise City and vicinity; and it is desired to place and maintain a telephone in the depot aforesaid for the convenience of the people generally of said Boise City and vicinity, and of the patrons of this line and that it is necessary for the convenience of said people that this request be granted, and said telephone maintained. The Idaho Independent Telephone Company, Limited, respectfully requests an immediate answer to this request, which answer may be communicated to H. W. Clement, secretary, whose postoffice address is Boise City, Idaho. If the request herein made is complied with, and permission is granted to place and maintain said telephone, the said Idaho Independent Telephone Company, Limited, will enter into any contract that may be desired by you, and give any security that may be desired, to the effect that said tele-

phone would be placed and maintained without cost and expense to your company, or to any other person except the applicant.

" 'Dated Boise, Idaho, March 30, 1901.

" '[Signed]       IDAHO INDEPENDENT TELEPHONE
COMPANY, LIMITED,

" 'By H. W. CLEMENT,

" 'Secretary.'

"That on the fifteenth day of April, 1901, the said railroad company, having had under consideration said request and demand, refused the same, and refused to permit said telephone company to place or maintain a telephone in said depot, and still refuses so to do.   10. That the placing and maintaining of one or more telephones by said Idaho Independent Telephone Company, Limited, in said depot, by reason of its being an advantage and an accommodation to the public residents in said Boise City and vicinity, would be of great benefit and advantage to said telephone company, in that it would accommodate its subscribers and patrons, and retain them as such, and increase its patronage and subscriptions; that the maintenance by said Rocky Mountain Bell Telephone Company of telephones in said depot is a great benefit and advantage to said company, and to its subscribers and patrons; that to refuse permission to said Idaho Independent Telephone Company, Limited, to place one or more telephones in said depot, and to permit the said Rocky Mountain Bell Telephone Company to place a telephone therein, is a denial by the said Oregon Short Line Railroad Company to the said Idaho Independent Telephone Company, Limited, of an equal and impartial use of the facilities of said railroad company in a matter of public use, and is a discrimination on the part of said railroad company in the matter of a public use in favor of said Rocky Mountain Bell Telephone Company and against said Idaho Independent Telephone Company, Limited, and will cause a loss of patronage and business to said Idaho Independent Telephone Company, Limited, and a gain thereof to said Rocky Mountain Bell Telephone Company, and will work a great hardship and inconvenience to the public and to the people residing in said Boise City and vicinity.   11. That the said Idaho Independent

Telephone Company, Limited, is the person beneficially interested in this proceeding. 12. That said Idaho Independent Telephone Company, Limited, has not a plain, speedy, and adequate remedy in the ordinary course of law, and that great and irreparable injury and damage will result to affiant if the writ of mandate of this court is not issued herein as prayed for. Wherefore the applicant herein the said Idaho Independent Telephone Company, Limited, prays that an alternative writ of mandate issue, directed to said Oregon Short Line Railroad Company, to the end that the acts complained of may be corrected and the rights of said Idaho Independent Telephone Company, Limited, protected, and commanding said Oregon Short Line Railroad Company, immediately after the receipt of said writ, to permit and allow said Idaho Independent Telephone Company, Limited, to place in the depot of said railroad company, at some convenient place therein, at Boise, Idaho, without expense to said railroad company, and maintain therein, free of charge, a telephone connected with the general system of said telephone company, or to show cause before this court, or the judge thereof, at such time and place as may be specified in said writ, why it has not so done."

"Demurrer to plaintiff's affidavit and petition for writ of mandate: Comes now the defendant, and demurs to the plaintiff's affidavit on application for writ of mandate for the reason that the same does not state facts sufficient to constitute a cause of action, or to entitle the plaintiff to the relief prayed for, or any relief at all.

"The demurrer of defendant herein to the petition of plaintiff came duly on to be heard, and argument being made by respective counsel, the demurrer was submitted to the court, and the court sustained the same, to which said ruling plaintiff excepted. And thereupon plaintiff refused to amend its petition, and the court ordered judgment of dismissal and costs in favor of defendant.

"Judgment: This cause having come regularly on to be heard on the demurrer of defendant to the affidavit for cause of action on the part of plaintiff, and said demurrer having been by the court sustained, the plaintiff refused to amend said affidavit,

but elected to stand upon the same. It is hereby ordered, adjudged, and decreed that the said cause be, and the same is hereby, dismissed, and defendant have and recover his costs against plaintiff, hereby taxed at three dollars."

With this record before us, should the demurrer have been sustained? Under our system of pleading, a general demurrer admits all the allegations of the complaint as true. Counsel for appellant insists that *mandamus* is the proper remedy, whilst counsel for respondent urges that this remedy would deny respondent the constitutional right of a trial by a jury to ascertain the measure of damages sustained, etc. Article 1, section 14, of our constitution, provides that "private property may be taken for a public use, but not until a just compensation, to be ascertained in a manner prescribed by law, shall be paid therefor." Title 7 of the Code of Civil Procedure provides a way for ascertaining just compensation. We are of the opinion that, if the appellant has a remedy, it is not by *mandamus,* and the demurrer was properly sustained.

The judgment of the lower court is affirmed, with costs to respondent.

Sullivan, J., concurs.

Quarles, C. J. I concur in the conclusion reached.